*813 OPINION.
ARundell:
In accordance with our findings of fact the partnership should be allowed to deduct from gross income for 1922, the cost of goods sold in the amount of $76,474.93, consisting of the items of $41,075.97 and $35,398.96 listed in the partnership return as “ notes paid ” and “ timber paid for.” The respondent made no allowance for cost of goods sold, apparently because of the manner in which the cost was shown in the return. The items making up the cost were not deducted from gross sales as is customary, but the gross sales were returned as gross income and the cost of goods sold was listed among the expense deductions under the ambiguous headings above given.
In allowing depletion for 1922 the respondent relied on a revenue agent’s report, wherein the cost of timber purchases made prior to 1922 was erroneously given as subject to depletion in 1922. The evidence establishes that the timber purchased prior to 1922, and referred to by the revenue agent, was exhausted by the beginning of the taxable year and the partnership is not entitled to any deduction for depletion. The amount of depletion allowed by respondent, $10,-773.88, should accordingly be restored to partnership income. There is no issue as to the depreciation allowed by respondent, nor as to the percentages used in distributing partnership income.
The only evidence as to the 25 per cent penalty is that contained in the deficiency notices to the effect that petitioners’ returns were not filed within the time prescribed by law. The respondent’s determinations in this respect must accordingly be approved, subject of course, to recomputation on the basis of the deficiencies, if any, as redetermined under Rule 50.

Judgment will be entered under Rule 50.